# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BANKS, *a Witch*, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:15-cv-1400 |
| | ) | |
| v. | ) | District Judge Cathy Bissoon |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| POPE FRANCIS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | ECF No. 1 |
| | ) | |

## REPORT & RECOMMENDATION

### I.  RECOMMENDATION

It is respectfully recommended that the Motion for Leave to Proceed *in Forma Pauperis* filed by Frederick Banks (ECF No. 1) be denied for the reasons set forth below. It is also recommended that the Clerk of Court mark the case closed. Should Plaintiff wish to proceed with this case, he must file a motion to reopen the case and submit the $400 filing fee.

### II.  REPORT

Plaintiff, Frederick Banks, is a federal prisoner currently confined at the Allegheny County Jail in Pittsburgh, Pennsylvania, while awaiting trial on a new criminal offense charged in an indictment returned at No. 2:15-cr-168 in the Western District of Pennsylvania. He commenced this civil action on October 28, 2015 by filing a one page Motion for Leave to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(a), when a plaintiff has requested leave to proceed *in forma*

1

*pauperis*, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e).

### A.     <u>28 U.S.C. § 1915(e)(2) – Legal Standard</u>

Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall*, C.C.F., No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke*, 490 U.S. at 325). Thus, pursuant to § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

Dismissal of the complaint as malicious under § 1915(e)(2)(B)(i) is warranted where after examining the litigant's subjective motivation for filing the lawsuit, the court determines that the action is an attempt to vex, injure or harass the defendant. *Daley v. U.S. Attorneys Office*, 538 F. App'x 142, 143-44 (3d Cir. 2013) (citing *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995)). Some courts have recognized more objective instances of malicious claims, for example, where the complaint "duplicates

allegations of another [ ] federal lawsuit by the same plaintiff." *Daley v. U.S. Dist. Court Dist. of Del.*, 629 F. Supp.2d 357, 359-60 (D. Del. 2009) (citations and internal quotation marks omitted), *aff'd*, 383 F. App'x 178 (3d Cir. 2010), or where the complaint "is plainly abusive of the judicial process," *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995) (citations omitted), *aff'd*, 111 F.3d 125 (3d Cir. 1997).

### B. Factual Background

Attached to Plaintiff's IFP motion is a Complaint for Writ of Mandamus and Complaint (hereinafter "Complaint"). Plaintiff, who describes himself as a witch, wiccan, warlock who practices witchcraft, and an American Indian, has named as Defendants Pope Francis, the Catholic Church, Judge Mark Hornak, Adrian N. Roe, Esquire, Duquesne University Law School, Dr. Wettstein, Jim Brennan with the CIA, Director of the FBI, and CO Smart. He contends that Defendants Pope Francis, Hornak, Roe, Wettstein, Brennan and the FBI director "engaged in activities unbecoming to the church and legal bar." Compl., ¶1 (ECF No. 1-1).

In essence, Plaintiff contends that Pope Francis owed him a duty "under the Ten Commandments to 'Love thy neighbor' and such[,]" and that the Pope and "his agents at the Catholic Church violated this duty when they failed to apologize to him and fellow witches, wiccans and warlocks for the New England Salem witch trials, for killing innocent witches and pagans during the Crusades when they failed to convert and for the untold deaths of witches under their 'Hammer of the witches'. . .." *Id.*

Plaintiff alleges that Defendants Hornak, Roe, Wettstein, Brennan, and the FBI director each owed him a duty to uphold the U.S. Constitution and to see justice done

3

under their respective oaths of office pursuant to 28 U.S.C. §453. *Id.* at ¶2. Plaintiff contends that these Defendants breached this duty when they conspired, along with Pope Francis, and refused to investigate his claims of CIA electronic harassment, delayed a criminal prosecution to deny him his due process and Sixth Amendment right to a speedy trial, lied to him about his prospective sentence and his right to proceed to trial, and failed to address him in a manner becoming of a litigant who had prevailed in well over 30 federal decisions. *Id.* Plaintiff further contends that Defendants "Hornak, Roe and Wettstein insisted that he injest psychotropic medication that he did not need and that his . . . religions prohibited or they would not free him from oppressive incarceration nor compensate or cause him to be compensated for his allegations that FBI agent Timothy Pivnichny set him up . . .." *Id.* In addition, Plaintiff alleges that an unspecified defendant "played games with [his] liberty in violation of Nature and of Nature's God Clause in the Declaration of Independence and activly [sic] conspired with Pope Francis who was notified of the allegations herein but failed miserably to take action and do their duty." *Id.*

Finally, as to CO Smart at the Allegheny County Jail, Plaintiff alleges that on October 25, 2015, CO Smart failed to release him from his cell so that he could take his high blood pressure and back pain medications, because CO Smart was conspiring with Defendants to punish him for raising issues of unconstitutional conduct as stated in the complaint in this civil action. *Id.* at ¶3.

As a result of these alleged actions, Plaintiff claims he was damaged and must be compensated for the harm suffered in the amount of $175 million. Compl., ¶4. Plaintiff

4

also asks this Court to issue a mandamus against Defendants "directing them to due [sic] their respective duties." *Id.* Plaintiff also seeks injunctive relief, namely, that (1) he be informed of the results of the Pivnichny investigation; (2) his record be vacated and expunged; (3) that all of his property that was confiscated by the federal government be returned to him; (4) he be discharged as a settlement; and (5) that the CIA be directed to end its electronic harassment on all targets including Plaintiff. *Id.*

C. **Discussion**

Plaintiff's attempt to cast this lawsuit as a mandamus action is a transparent attempt to overcome the fact that he has abused the IFP privilege numerous times in the past and application of the three strikes rule. The Court will not permit him to do so now. When the substance of the Complaint is examined, it is clear that Plaintiff is not actually seeking, nor could he obtain, a mandamus. First and foremost, Plaintiff is claiming $175 million in damages for the harm he allegedly suffered and specific injunctive relief. *See* Compl., ¶4. On the other hand, his request for mandamus consists of one sentence asking that the Court to issue a mandamus directing Defendants to do their respective duties. However, Plaintiff does not identify any specific, mandatory duty that the federal officials—Defendants Hornak, Brennan, and the FBI Director— violated; he merely refers to an overly broad duty to uphold the U.S. Constitution and to see justice done. In addition, it is beyond dispute that Pope Francis, the Catholic Church, Duquesne University Law School,[1] CO Smart, Dr. Wettstein, and Adrian Roe

---

[1] The Complaint is completely devoid of any allegations of wrongdoing involving Duquesne University Law School.

5

are neither officers nor employees of the United States or any agency thereof, and thus, a writ of mandamus cannot be issued against them. *See* 28 U.S.C. §1361; *Stafford v. Briggs*, 444 U.S. 527, 535-36 (1980). Accordingly, since this action is not, in actuality, a mandamus action, the court is not precluded from applying the three strikes rule.

### 1. 28 U.S.C. § 1915(g) – Three Strikes Rule

Under the Prison Litigation Reform Act, this Court has an affirmative duty to screen and review prisoner complaints filed by inmates who seek leave to proceed *in forma pauperis*. 28 U.S.C. § 1915A. One aspect of this review, a review "designed to filter out the bad claims and facilitate consideration of the good," *Jones v. Bock*, 549 U.S. 199, 204 (2007), entails ensuring that inmates who have abused this privilege in the past are not permitted to persist in further *in forma pauperis* litigation. Towards that end, Congress enacted 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless a prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Congress enacted 28 U.S.C. § 1915(g) with the express purpose of "[d]eterring frivolous prisoner filings in the federal courts [a goal which] falls within the realm of Congress' legitimate interests[.]" *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 318-19 (3d Cir. 2001). With this goal in mind, it is well-settled that, "generally, a prisoner may not be

6

granted IFP [in forma pauperis] status, if, on three or more occasions, he brought an action that was dismissed as frivolous," *Brown v. City of Philadelphia*, 331 F. App'x 898, 899 (3d Cir. 2009), and inmates who attempt to bring such lawsuits in forma pauperis should have their complaints dismissed, *id*.

In determining whether a particular inmate-plaintiff has had three prior dismissals, or "three strikes," under § 1915(g), courts look to the status of the plaintiff's prior litigation history at the time he filed the current lawsuit. Thus, only dismissals which were actually ordered at the time of the filing of the instant case are counted towards a "three strike" assessment under §1915(g), and "[a] dismissal does not qualify as a 'strike' for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights." *Lopez v. U.S. Dept. of Justice*, 228 F. App'x 218 (3d Cir. 2007) (citing *Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir.1999); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir.1996)). However, in assessing when a particular inmate plaintiff is subject to the gatekeeping provisions of §1915(g), it is also clear that "lawsuits dismissed as frivolous prior to the enactment of the PLRA count as 'strikes' under § 1915(g)." *Keener v. Pa. Bd. of Probation & Parole*, 128 F.3d 143, 144 (3d Cir. 1997) (citing *Adepegba, supra*; *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir.1996); *Green v. Nottingham*, 90 F.3d 415 (10th Cir.1996)).

Once it is determined that an inmate-plaintiff has had at least three prior lawsuits dismissed "on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted," 28 U.S.C. § 1915(g) compels denial of *in forma pauperis* status and dismissal of *in forma pauperis* lawsuits unless the inmate alleges that

7

he or she "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). With respect to this specific statutory exception, it is clear that:

> The clause "unless he is in imminent danger of serious physical injury" is an exception to the preclusive effect of the statute. But the exception is cast in the present tense, not in the past tense, and the word "is" in the exception refers back to the same point in time as the first clause, i.e., the time of filing. The statute contemplates that the "imminent danger" will exist contemporaneously with the bringing of the action. Someone whose danger has passed cannot reasonably be described as someone who "is" in danger, nor can that past danger reasonably be described as "imminent."

*Abdul-Akbar*, 239 F.3d at 313. Moreover, in making this assessment of imminent danger:

> A court need not accept all allegations of injury made pursuant to § 1915(g). To the contrary, a court may discredit "factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir.1998) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The Supreme Court has directed that, in assessing a case under 28 U.S.C. § 1915, we are not required to accept without question the truth of the plaintiff's allegations. *See Denton*, 504 U.S. at 32. Rather, we may be guided by judicially noticeable facts in determining whether the allegations are baseless or wholly incredible.

*Brown*, 331 F. App'x at 900.

"Instead, '[i]mminent' dangers are [only] those dangers which are about to occur at any moment or are impending." *Meyers v. U.S. Dist. Court for the Middle Dist. of Pa.*, No. 1:11–CV–0173, 2011 WL 766937, at *2 (M.D. Pa. Feb.25, 2011) (quoting *Abdul-Akbar*, 239 F.3d at 313) (internal quotation marks omitted). "Therefore, the 'imminent danger' exception [to § 1915(g)'s three strikes' rule] is available [solely] 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Id.*

8

(citing *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir.2002)). *See also Banks v. Crockett*, No. 1:07–CV–1019, 2007 WL 1655504, at *1 (M.D. Pa. June 7, 2007) (citing *Lewis, supra*); *Kelly v. Bush*, No. 1:12–CV–1245, 2012 WL 4017995, at *5 (M.D. Pa. July 2, 2012), report and recommendation adopted, 2012 WL 4017998 (M.D. Pa. Sept. 12, 2012), appeal dismissed (Nov. 20, 2012) (same); *McClain v. Mosier*, No. 1:13-CV-3011, 2014 WL 2864963, at *6 (M.D. Pa. June 24, 2014) (same).

Applying these legal benchmarks to the instant matter, the Court finds that it is undisputed that Plaintiff is a "prisoner" within the meaning of 28 U.S.C. §1915(g) and that he has had at least three prior civil actions dismissed in District Court that count as "strikes". *See Banks v. Commw. of Pa.*, Third Cir. No. 10-1597 (Order dated April 8, 2010, and ultimately denying Plaintiff leave to appeal *in forma pauperis* because he has three strikes); *Banks v. Hayward*, W.D. Pa. Civ. No. 06-cv-509; *Banks v. Hayward*, W.D. Pa. Civ. No. 06-cv-1572; *In Re: Banks*, C.A. No. 06-1828)). Therefore, Plaintiff is presumptively subject to revocation of his *in forma pauperis* privileges pursuant to §1915(g) by virtue of his lengthy past history of wholly meritless litigation. As such, Plaintiff now "bears the ultimate burden of persuading the court that § 1915(g) does not preclude IFP status." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005); *In re Lassina*, 261 B.R. 614, 618 (E.D.Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.") Here, the Complaint is devoid of any allegations suggesting that Plaintiff was in imminent danger of serious physical injury at the time he commenced this lawsuit. Thus, Plaintiff has failed to carry his burden of persuading

the Court that Section 1915(g) does not preclude IFP status. Accordingly, the Court recommends that Plaintiff's IFP motion be denied and the case closed.

### 2. Other Grounds for Denying IFP Motion

Even if the Court was precluded from applying the three strikes rule, Plaintiff's motion to proceed IFP should still be denied. Plaintiff does not provide service copies for each defendant named in the complaint or the required Marshal's 285 form completed for each defendant. More importantly, however, Plaintiff has not attached a statement making the required certifications as ordered by Judge Nora Barry Fischer in her Memorandum Order dated November 6, 2013 (ECF No. 10) in Case No. 2:13-cv-1198 (W.D.Pa.), in which she denied Plaintiff's motion for leave to proceed *in forma pauperis* and also entered the following order:

> IT IS FURTHER ORDERED that as to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), in addition to the other requirements for requesting in forma pauperis status, Plaintiff is required to attach to his motion for leave to proceed in forma pauperis a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Plaintiff fails to attach this certification, such failure will result in denial of the motion for leave to proceed in forma pauperis. If it should be determined that a false certification has been made, Plaintiff may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

*Banks v. Unknown Named Number of U.S. Postal Inspectors*, Case No. 2:13-cv-1198, Mem. Order, ECF No. 10 (W.D. Pa. Nov. 6, 2013). Accordingly, because Plaintiff has failed to

attach the required certification to his IFP motion, the Court recommends that his motion for leave to proceed *in forma pauperis* be denied and the case closed.

## III. <u>CONCLUSION</u>

For the foregoing reasons, it is respectfully recommended that the Motion for Leave to Proceed *in Forma Pauperis* filed by Frederick Banks (ECF No. 1) be denied and that the Clerk of Court mark the case closed. Should Plaintiff wish to proceed with this case, he must file a motion to reopen the case and submit the $400 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: December 18, 2015            BY THE COURT:

                                                                             /s/ Lisa Pupo Lenihan
LISA PUPO LENIHAN
United States Magistrate Judge

cc:   **FREDERICK BANKS**
      #120759, 2F
      Allegheny County Jail
      950 Second Avenue
      Pittsburgh, PA 15219-3100