# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 15-1400 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Lisa Pupo Lenihan |
| POPE FRANCIS, *et. al*, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM ORDER

Pending before the Court is Petitioner Frederick Banks ("Petitioner")'s "Motion to Vacate Judgment and Order of Dismissal and to Vacate Vexatious Litigant Order" (**Doc. 20**). For the reasons that follow, Petitioner's Motion (**Doc. 20**) will be DENIED.

### I.     MEMORANDUM

On October 28, 2015, Petitioner Frederick Banks filed a Motion for Leave to Proceed In Forma Pauperis (IFP), along with a "Complaint for a Writ of Mandamus; and Complaint." (Doc. 1). On December 8, 2015, this Court issued an Order designating Petitioner a "vexatious litigant," and ordering, among other things, that "no document submitted by Petitioner shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless the document contains an affidavit or sworn declaration as required by this Memorandum Order, and a copy of this Memorandum Order." (Doc. 7).

On December 18, 2015, the Magistrate Judge issued a Report recommending that Petitioner's Motion for Leave to Proceed IFP be denied pursuant to the "three strikes rule" of 29 U.S.C. § 1915(g). (Doc. 11). In addition, the Magistrate Judge recommended that Petitioner's

1

Motion to Proceed IFP be denied because he failed to attach to his IFP motion: (1) "service copies for each defendant named in the complaint or the required Marshal's 285 form completed for each defendant"; as well as (2) a statement making other required certifications as ordered by Judge Nora Barry Fischer in her Memorandum Order dated November 6, 2013 (Doc. 10) in Case No. 2:13-cv-1198 (W.D. Pa.). (Doc. 11). On January 11, 2016, the Court adopted the Magistrate Judge's Report and Recommendation and dismissed this action without prejudice to Petitioner's right to reopen it by paying the full $400.00 filing fee. (Doc. 13).

Petitioner now moves to vacate this Court's December 8, 2015 Vexatious Litigant Order and January 11, 2016 Order of Dismissal pursuant to Federal Rule of Civil Procedure 60(b)(4). Petitioner argues that "all rules, regulations, statutes, treaties and constitutional provisions" should be liberally construed in his favor, since he is an "American Indian." (Doc. 20 at 1). Petitioner also argues that the Prison Ligation Reform Act ("PLRA") "does not apply to a civilly committed mental patient like Petitioner." (Id.). In addition, Petitioner claims that "a bona fide mandamus directed to a trial judge in a criminal case is not subject to the PLRA." (Id.) Finally, Petitioner argues that a "Rule 60(b)(4) motion may be made at any time." (Id. at 2).

Petitioner's Motion will be denied. Even accepting as true Petitioner's argument that he was not a "prisoner" within the meaning of the PLRA at the time he filed this lawsuit, there is no basis to vacate the Court's December 8, 2015 and January 11, 2016 Orders. Contrary to Petitioner's suggestion, the Court did not rely exclusively upon Petitioner's status as a "prisoner" under the PLRA in reaching these decisions. Rather, as noted, the Court's January 11, 2016 Order dismissed this action, in part, because Petitioner failed to properly serve the Defendants and to comply with Judge Fischer's Court Order in Civil Action No. 13-1198, which provides:

> IT IS FURTHER ORDERED that as to all future civil actions filed by Mr. Banks
> in which he requests leave to proceed IFP (except petitions for writ of habeas

corpus), in addition to the other requirements for requesting in forma pauperis status, Petitioner is required to attach to his motion for leave to proceed in forma pauperis a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Petitioner fails to attach this certification, such failure will result in denial of the motion for leave to proceed in forma pauperis. If it should be determined that a false certification has been made, Petitioner may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter."

(See Case No. 2:13-cv-1198, Doc. 10). In addition, the Court denied Petitioner's motion pursuant to the screening provisions of 28 U.S.C. § 1915(e), which applies to prisoners and non-prisoners alike. (Doc. 13). Likewise, the Court's December 8, 2015 Order found that Petitioner is a vexatious litigant not because of his status as a "prisoner" under the PLRA but because he has previously filed in excess of 75 separate, meritless suits before the Western District of Pennsylvania. (Doc. 7 at 6).

Furthermore, the Court will not vacate its Orders based upon Petitioner's claim that the PLRA does not apply to "a bona fide mandamus directed to a trial judge in a criminal case." (Doc. 20 at 1). Although courts have held that the PLRA does not apply to true or "bona fide" mandamus petitions, see Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996), this petition does not fall within this exception. Rather, as the Magistrate Judge properly found:

> [W]hen the substance of the Complaint is examined, it is clear that Petitioner is not actually seeking, nor could he obtain, a mandamus. First and foremost, Petitioner is claiming $175 million in damages for the harm he allegedly suffered and specific injunctive relief. See Compl., ¶4. On the other hand, his request for mandamus consists of one sentence asking that the Court to issue a mandamus directing Defendants to do their respective duties. However, Petitioner does not identify any specific, mandatory duty that the federal officials—Defendants Hornak, Brennan, and the FBI Director—violated; he merely refers to an overly broad duty to uphold the U.S. Constitution and to see justice done. In addition, it is beyond dispute that Pope Francis, the Catholic Church, Duquesne University Law School, CO Smart, Dr. Wettstein, and Adrian Roe are neither officers nor

3

> employees of the United States or any agency thereof, and thus, a writ of mandamus cannot be issued against them.

(Doc. 11 at 5-6). Because Petitioner's complaint is not, in actuality, a mandamus action, the PLRA's screening provisions undoubtedly apply. See Franco v. Bureau of Prisons, 207 Fed. Appx. 145, 2006 WL 3521880 (3d Cir. 2006) (affirming district court dismissal under 28 U.S.C. § 1915(e)(2) of action for § 1361 writ of mandamus against Bureau of Prisons, and dismissing appeal under § 1915(e)(2)(B)); In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996) (PLRA applies to § 1361 mandamus actions that seek relief analogous to civil rights complaints); Evans v. McConnell, 2009 WL 1560192 (W.D. Pa. June 3, 2009). In any event, even if the PLRA's screening provisions did not apply to this Complaint, the Court's January 11, 2016 Order of Dismissal—which was based, in part, on Petitioner's failure to properly serve the Defendants and to abide by Judge Fischer's Court Order in Civil Action No. 13-1198 (Doc. 10)—would still stand. Additionally, as Chief District Judge Conti has explained: "The canon of statutory construction cited by Banks that 'statutes are to be construed liberally in favor of the Indians, with ambiguous provisions interpreted to their benefit,' Chickasaw Nation v. United States, 534 U.S. 84, 99 (2001) (citation omitted), does not automatically render [] judgments against Banks 'void' under Rule 60(b)(4)." In re Frederick Banks Rule 60(b) Motions, No. 05-1064, 2016 WL 1161075, at *1 (W.D. Pa. Mar. 24, 2016).

Finally, this Motion will be denied for the independent reason that it violates this Court's December 8, 2015 Order designating Petitioner a vexatious litigant, and requiring that "no document submitted by Petitioner shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless the document contains

an affidavit or sworn declaration as required by this Memorandum Order, and a copy of this Memorandum Order." (Doc. 7).

## II. ORDER

For the reasons stated above, Petitioner's "Motion to Vacate Judgment and Order of Dismissal and to Vacate Vexatious Litigant Order" (**Doc. 20**) is DENIED.

IT IS SO ORDERED.


March 14, 2017                                                          s/Cathy Bissoon
                                                                                                           Cathy Bissoon
                                                                                                           United States District Judge

CC (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

**FREDERICK BANKS**
05711 068
Federal Medical Center
P.O. Box 1600
Butner, NC 27509

**FREDERICK BANKS**
#120759, 2F
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100